# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRENCE T. LAFAIVE,

        Petitioner,

v.                            Case No. 23-CV-1123

CHRIS BUESGEN,

        Respondent.

## ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

Terrence T. LaFaive, who is incarcerated pursuant to the judgments of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Accompanying his petition was a motion for leave to proceed without prepayment of the filing fee. (ECF No. 3) Because LaFaive has demonstrated he is indigent (*see* ECF Nos. 3, 4), his motion will be granted.

Turning to his petition, Rule 4 of the Rules Governing Section 2254 Cases states:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

LaFaive has pursued various means of challenging his convictions. *See* Supreme Court and Court of Appeals Access, Appeal Nos. 2022AP000336 (Supervisory writ denied May 26, 2022; no petition to Wisconsin Supreme Court); 2022AP000391 (No merit pending); 2022AP000392 (No merit pending); 2022AP000651 (Supervisory writ denied June 1, 2022; no petition to Wisconsin Supreme Court); 2023AP001325 (Supervisory writ denied by the Wisconsin Supreme Court August 17, 2023), available at https://wscca.wicourts.gov. But his direct appeal of his convictions is still pending. *See* Appeal Nos. 2022AP000391; 2022AP000392. Aside from a petition he filed directly with the Wisconsin Supreme Court, *see* Appeal No. 2023AP001325, none of his other challenges were presented to the state's highest court.

Exhaustion of state remedies is a prerequisite to consideration of each claim sought to be presented in a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Exhaustion of state court remedies is a threshold issue, *Day v. McDonough*, 547 U.S. 198, 205 (2006), that a district court may raise *sua sponte*, *see U.S. ex rel. Lockett v. Illinois Parole & Pardon Bd.*, 600 F.2d 116, 117 (7th Cir. 1979); *Tate v. Borgen*, No. 04-C-1019, 2005 U.S. Dist. LEXIS 48282, at *25 (E.D. Wis. July 26, 2005). Before coming to federal court with a habeas claim, every level of state court must first be given a "full and fair opportunity" to adjudicate each of the prisoner's constitutional claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998) (citing *Picard*, 404 U.S. at 276). A full opportunity means the prisoner's claims were presented through

"one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present claims, "both the operative facts and controlling law must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)).

Ordinarily, before dismissing a petition at the Rule 4 stage for failure to exhaust all available state court remedies, a court should afford the petitioner an opportunity to respond. *Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002). There are exceptions, however—for example, when it is clear that the petitioner has made no effort to exhaust his state court remedies. *See, e.g.*, *Belmares v. Schmidt*, 2016 U.S. Dist. LEXIS 114754 (E.D. Wis. Aug. 26, 2016).

LaFaive appears to assert that he exhausted his state court remedies by presenting a petition for a supervisory writ to the Wisconsin Supreme Court. (ECF No. 1 at 3.) However, he failed to provide the court with any record of those proceedings, such as his petition and the court's decision, or otherwise present a basis for the court to find that this procedure was an effective means of exhausting his state court remedies.

**IT IS THEREFORE ORDERED** that, within **28 days** of the date of this order, LaFaive shall show cause as to why his petition should not be dismissed for failure to exhaust his state court remedies.

**IT IS FURTHER ORDERED** that the Clerk shall serve the respondent with a copy of the petition. The respondent shall timely complete and return the court's

3

standard "Consent to Proceed Before a Magistrate Judge" form. Within **21 days** of LaFaive showing cause as to why his petition should not be dismissed, the respondent may, but is not required to, respond.

**IT IS FURTHER ORDERED** that LaFaive's motion to proceed without prepayment of the filing fee (ECF No. 3) is **granted**.

**IT IS FURTHER ORDERED** that all of the petitioner's filings with the court shall be mailed to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The petitioner should also retain a personal copy of each document.

The petitioner is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the petitioner must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being

timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 25th day of September, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge